**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

BLANCHIE J. THORNTON                                                                              PLAINTIFF

v.                                                                  CIVIL ACTION NO. 3:01-CV-955HTW-LRA

MISSISSIPPI DEPARTMENT OF
CORRECTIONS, ET AL.                                                                           DEFENDANTS

**ORDER GRANTING SUMMARY JUDGMENT**

Before the court is defendants' motion for summary judgment as to plaintiff's second amended complaint [docket # 70], filed pursuant to Rule 56(c), Federal Rules of Civil Procedure.[1]  Plaintiff has waived her prior sex discrimination claim and now asserts only a state-law claim for malicious interference with business relations, and a due process claim.  This court has federal question jurisdiction over this case pursuant to Title 28 U.S.C. §1331.[2]  This court also has supplemental jurisdiction over the state-law claim pursuant to Title 28 U.S.C. §1367.[3]

---

[1] Rule 56(c), Federal Rules of Civil Procedure entitles movant to judgment as a matter of law if  "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact."

[2] Title 28 U.S.C. §1331 provides:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

[3] Title 28 U.S.C. §1367 Title 28 U.S.C. § 1367 provides guidelines by which the district court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy . . ."

**PERTINENT FACTS**

Plaintiff was promoted to the position of Operations Management Analyst Principal with the Mississippi Department of Corrections ("MDOC") on December 1, 2000. Her new immediate supervisor, Patricia Dean-Wilson ("Dean-Wilson"), allegedly became angry because plaintiff failed to assist with decorating the office for the Christmas holidays, and told plaintiff not to report for work at all if she could not come in and help decorate.[4] The plaintiff did report for work, believing that Dean-Wilson actually had no authority to order her not to report. Dean-Wilson, who lacked any authority to fire or transfer the plaintiff, thereafter allegedly began harassing plaintiff in an attempt to force her to quit.

This alleged harassment consisted of Dean-Wilson's bragging about her sexual relationships with the Commissioner of MDOC Robert Johnson ("Johnson"), and with Christopher Epps ("Epps"), the Deputy Commissioner. Aggrieved over this conduct, plaintiff says she asked the Commissioner to conduct a hearing on this matter. Dean-Wilson persisted in this conduct, so, according to plaintiff, thus plaintiff surrendered her position as Operations Management Analyst Principal. Plaintiff was transferred to a "more menial" position, albeit temporarily and at the same rate of pay, until she eventually was placed into a "somewhat better" position. The new position, while satisfactory, was not the more responsible and rewarding position plaintiff enjoyed as an Operations Management Analyst Principal.

---

[4] Plaintiff explains that as a civil service employee of the State of Mississippi she may be removed from her job only for cause. Under Mississippi Code Annotated Section 25-9-127(1), the Mississippi Legislature has mandated that, "[n]o employee ... included under this chapter ... who is subject to the rules and regulations prescribed by the state personnel system may be dismissed ... *except for inefficiency or other good cause*... ." (Emphasis added).

Electing not to pursue the matter through Mississippi's Employee Appeals Board, the plaintiff filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff subsequently received a EEOC right-to-sue letter, though the exact date of the receipt is unknown. This court has presumed the plaintiff received the letter after three to seven days, in accord with controlling precedent. *See, Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 148 n. 1, 104 S. Ct. 1723, 80 L. Ed. 2d 196 (1984) (presuming the plaintiff received a right-to-sue letter three days after delivery); *Lozano v. Ashcroft*, 258 F.3d 1160, 1164 (10th Cir. 2001) (presuming seven days); and *Banks v. Rockwell Int'l N. Am. Aircraft Operations*, 855 F.2d 324, 326 (6th Cir.1988) (applying a five-day presumption of receipt of a right-to-sue letter).

On December 10, 2001, plaintiff sued her employer, the Mississippi Department of Corrections, as well as Dean-Wilson and Johnson, for sexual harassment under Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. § 2000e-2.[5] The plaintiff has conceded her Title VII claim. The remaining claims include the plaintiff's Fourteenth Amendment[6] due process claim against Epps[7] in his individual capacity; and, a state-law claim against Dean-Wilson in her individual capacity for malicious interference with business relations.

---

[5]Title 42 U.S.C. § 2000e-2(a) declares it unlawful for an employer to discriminate against or deprive an employee of opportunities "because of such individual's race, color, religion, sex, or national origin."

[6]U.S. Const. amend. XIV, § 1 provides in pertinent part that: "No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any state deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws."

[7]Plaintiff was permitted, by order of Magistrate Judge Sumner dated February 04, 2004, to substitute defendant Epps for his predecessor, defendant Johnson.

On December 16, 2003, Johnson and Dean-Wilson filed their Notice of Appeal to the United States Court of Appeals for the Fifth Circuit, appealing this court's denial of their motion for dismissal or summary judgment. On August 25, 2004, the Court of Appeals dismissed the appeal for lack of jurisdiction because the question of qualified immunity was not addressed. Defendants renewed the motion for summary judgment on December 15, 2004. Plaintiff subsequently filed her second amended complaint on February 4, 2005. In a motion hearing held September 14, 2005, this court identified the remaining claims with regard to the pending motion for summary judgment, which consist of a due process violation claim against Epps in his official capacity, and malicious interference with business relations against Dean-Wilson in her individual capacity.

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996) (quoting Fed. R. Civ. P. 56(c)). In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); rather, "it is the province of the jury to access the probative value of the evidence." *Dennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). Summary judgment is improper where the court merely believes it is unlikely that the non-moving party will prevail at trial. *National Stream Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962). Facts that are irrelevant or

4

unnecessary to a decision are "non-material" and do not prevent summary judgment. *Anderson*, 477 U.S. at 242;  *Phillips Oil Co. v. O.C. Corp.*, 812 F.2d 265 (5th Cir. 1987).

Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986).  Rule 56(c) further requires that the court enter summary judgment if the evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor.  *See Anderson,* 477 U.S. at 252;  *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993).

When the moving party has challenged the non-movant's case under Rule 56(c), the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U. S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). In response to a motion for summary judgment, the non-moving party must respond with specific proof demonstrating a triable issue of fact as to each of the elements required for establishment of the claim or claims asserted.  *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122–23 (5th Cir. 1988).  That said, the court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant.  *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982).

### **Law and Application**

*Qualified Immunity*

To determine whether a defendant is entitled to qualified immunity the court must establish whether 1) the plaintiff stated a violation of a clearly established constitutional

right, and, 2) the conduct was objectively reasonable, if the plaintiff crosses the threshold of the first requirement. *Sala v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1999). In a due process violation claim, the first prong must be satisfied by demonstrating infringement on a property interest pursuant to state law. *Lollar v. Baker*, 196 F.3d 603 (5th Cir. 1999). As discussed below, plaintiff cannot demonstrate the requisite loss of a property interest.

*Procedural/Substantive Due Process*

Federal law provides a monetary remedy for damages caused by procedural and/or substantive violations of the Due Process Clause of the Fourteenth Amendment. *Carey v. Piphus*, 435 U.S. 247, 266, 98 S. Ct. 1042, 55 L. Ed. 2d 252 (1978); *Wheeler v. Mental Health & Mental Retardation Auth.*, 752 F.2d 1063, 1070 (5th Cir.). Procedural due process entitles a plaintiff who is a public employee with a property right in his or her employment to: notice of the charges against the employee; explanations of the employer's evidence; and, an opportunity to present the employee's side of the story. *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 541, 546, 105 S. Ct. 1487, 84 L. Ed. 2d 494(1985); *Spuler v. Pickar*, 958 F.2d 103, 107 (5th Cir. 1992). Therefore, if plaintiff was deprived of a property right in connection with her transferred position, she is entitled to notice and a hearing under her right to procedural due process. Accordingly, it is necessary to determine whether plaintiff was deprived of such right.

In order to succeed with a cause of action based on substantive due process in the public employment context, plaintiff must show that: 1) she had a property interest or right in her employment; and, 2) the public employer's termination of that interest was arbitrary and capricious. *Harrington v. Harris*, 118 F.3d 359, 368 (5th Cir. 1997). Again, it is necessary to determine whether plaintiff had a property interest in her employment.

A property interest for which plaintiff may recover is limited in the Fifth Circuit.  "To show a due process violation in the public employment context, the plaintiff must first show that she had a legally recognized property interest at stake.  Such a showing must be made by reference to state law." *Lollar v. Baker,* 196 F.3d 603, 607 (5th Cir. 1999) (internal cites omitted).  A property interest for which a plaintiff may recover is limited under Mississippi law as well.  "Although it is clear that under Mississippi law a property interest may be created in a particular job, that property interest is generally limited to the financial remuneration of that job.  No property interest lies in the particular duties and responsibilities of a job." *Id.* at 608 (internal cites omitted).  Therefore, under Mississippi law, plaintiff must suffer some financial loss to prove a violation of her property rights.  Defendants argue plaintiff suffered no economic loss as a result of her changed position.  Defendants argue that she was laid off as a result of a legislative mandate.  Plaintiff argues that she was terminated in retaliation to her complaint, and further, that the transfer in positions made her more vulnerable to a layoff.

Defendants have adequately shown that no dispute of material fact exists with respect to the first prong of the Fifth Circuit test for qualified immunity.  While the plaintiff alleges violation of substantive and procedural due process, she has failed to show infringement on a property interest recognized by reference to Mississippi law.  The case law clearly shows that such a right is limited to some loss in pay.  A transfer to another position, unaccompanied by any loss in pay, does not meet the test.  Further, defendants have shown that plaintiff was discharged in connection with a legislatively mandated layoff effort.  Plaintiff's previous transfer, in response to her surrender of her position, does not satisfy the test for infringement on a property interest.

7

Because plaintiff presents no viable property right of which she was deprived, plaintiff has failed to cross the threshold to the second prong of the test for violation of substantive due process; it is thus unnecessary to address whether Epps' conduct was arbitrary and capricious. Similarly, without a property right deprivation, plaintiff is not entitled to notice and a hearing under the auspices of procedural due process.

Further, it is unnecessary to address the second prong of the Fifth Circuit test for qualified immunity, objective reasonableness; in failing to demonstrate deprivation of a property right, plaintiff also failed to cross that threshold. Because plaintiff fails to establish the first prong of the Fifth Circuit test for qualified immunity, violation of a constitutional right, defendants are entitled to summary judgment on the issue of qualified immunity from the due process charge.

*Malicious Interference with Business Relations*

Plaintiff alleged a charge of malicious interference with business relations, a tort claim under state law, against defendant Dean-Wilson in her individual capacity. To make a prima facie claim of tortious interference with a business relationship, a plaintiff must show that: "1) the acts were intentional and willful; 2) the acts were calculated to cause damage to a plaintiff in its lawful business; 3) the acts were done with the unlawful purpose of causing damage and loss, without right or justifiable cause on the part of the defendant (which constitutes malice); and, 4) actual damage and loss resulted." *Progressive Cas. Ins. v. All Care, Inc.*, 914 So.2d 214, 219 (Miss. Ct. App. 2005) (citing *MBF Corp. v. Century Bus. Communications, Inc.*, 663 So.2d 595, 598 (Miss 1995)).

To establish a prima facie case of damages, plaintiff must show both a loss and that the defendant's conduct caused the loss. Plaintiff was transferred in response to her

complaint. She received equivalent pay. She was later terminated in connection with a legislatively mandated layoff. Under these facts, no reasonable basis exists for a computation of damages. The court is persuaded that plaintiff cannot show actual loss. Accordingly, summary judgment is granted to defendant Dean-Wilson on the count of malicious interference with business relations.

## Conclusion

This court finds there is no question of material fact regarding plaintiff's claims. Therefore, defendants' motion for summary judgment is GRANTED.

**SO ORDERED, this the 31st day of March, 2008.**

                                       **s/ HENRY T. WINGATE**
                                       **CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:01-cv-955 HTW-LRA
Order Granting Summary Judgment